UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HASAN TAIFOUR,

Petitioner,

v.

KRISTI NOEM, Secretary of the
Department of Homeland Security, et al.,

Respondents.

Case No.:  26cv487-LL-DEB

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

**[ECF Nos. 1, 2]**

Presently before the Court is Petitioner Hasan Taifour's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")] and Motion for Temporary Restraining Order [ECF No. 2 ("TRO")]. Also before the Court are Respondents' Return in Opposition to Petitioner's Habeas Petition and TRO [ECF No. 5 ("Return")], and Petitioner's Traverse [ECF No. 6 ("Traverse")]. For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order.

## I.   BACKGROUND

Petitioner is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. He is a Syrian asylum seeker who entered the United States without inspection on December 31, 2024 to seek protection and apply for

1

asylum. Pet. at 2 (citing Exh. A, Decl. of Hasan Taifour at ¶ 3 ("Taifour Decl.")). On January 6, Petitioner was booked into ICE custody pending removal. ECF No. 5-1, Declaration of Eduardo Vasquez ("Vasquez Decl.") ¶ 4. On or about January 10, 2025, Petitioner claimed fear of returning to Syria and was referred to United States Citizenship and Immigration Services for a credible fear interview. *Id.* ¶ 5. On January 27, 2025, Petitioner was found to have a credible fear of returning to Syria. *Id.* Petitioner was placed into removal proceedings under 8 U.S.C. § 1229(a). *Id.* ¶ 6. On July 24, 2025, an Immigration Judge ordered Petitioner removed to Syria. Vasquez Decl. ¶ 7; Taifour Decl. ¶ 3; ECF No. 5-2 at 14-18. However, Petitioner was granted withholding of removal on the same date and he has been in detention ever since. *Id.*

Petitioner states that while in detention for the last six months, he has never spoken with an ICE officer about his removal and that he never received his "statutorily required 90-day review." Taifour Decl. ¶ 4. Petitioner seeks his immediate release on the basis that his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. Pet. at 6-7. Petitioner also alleges that there is a risk that Respondents remove him to a third country without adequate notice and an opportunity to be heard, in violation of the Fifth Amendment, the Convention Against Torture, and implementing regulations. *Id*. at 10-11. Petitioner's Petition and Motion for Temporary Restraining Order both seek an immediate release from custody pending removal proceedings and an order enjoining Respondents from unlawfully removing Petitioner to a third country. Pet. at 13-14; ECF No. 2 at 2–5.

Respondents in their Return "acknowledge that the six-month period of presumptively reasonable detention has recently passed," but argue that "based on ICE's diligent efforts to locate a third country for Petitioner's removal" his detention remains lawful. Return at 5. Respondents argue that Petitioner's detention remains lawful "because his removal to a third country is significantly likely to occur in the reasonably foreseeable future." *Id.* Accordingly, Respondents argue that the "Court should deny Petitioner's request for injunctive relief and dismiss the petition." *Id.* at 10.

///

2

26cv487-LL-DEB

## II.  LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## III.  DISCUSSION

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner satisfies her initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued

26cv487-LL-DEB

detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:
>
> (i)    The date the order of removal becomes administratively final.
>
> (ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Court finds that Petitioner has satisfied his initial burden.[1] Petitioner argues that "ICE has made no discernable progress in removing him to a third country for the last six months." Pet. at 9. Petitioner further argues that the "IJ's order prohibits Mr. Taifour's removal to his home country of Syria, 'which is the only country to which he has a claim to citizenship or legal immigration status.'" *Id.* (internal citation omitted). Accordingly, Petitioner argues that "because third country removal is exceedingly rare, and ICE has made no progress removing Mr. Taifour for the last six months, Mr. Taifour has met his initial burden." The Court finds that because Petitioner has shown good reason to believe he will not be removed in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing. *Zadvydas*, 533 at 701.

Respondents argue:

> Since Petitioner's removal order became final on July 24, 2025, ICE has

---

[1] Respondents do not contest that the six-month presumptively reasonable period has passed. *See* Return at 5.

26cv487-LL-DEB

worked as expeditiously as possible to effectuate his resettlement in a third country. Specifically, on July 29, 2025, San Diego ERO [Enforcement and Removal Operations] contacted RIO [Refugee International Operations] for assistance to identify a third country for removal. Vasquez Decl. ¶ 8. RIO notified San Diego ERO that efforts to identify an alternate country for removal remain ongoing on the following dates: September 10, 2025; October 20, 2025; and November 13, 2025. *Id.* ¶ 9. At this time, RIO has not identified a third country where Petitioner may be removed, but removal efforts remain ongoing. *Id.* ¶ 10. Although RIO is still in the process of identifying countries that may be willing to accept Petitioner for removal, the record reflects that ICE is working diligently. (citing *Zadvydas*, 533 U.S. at 700).

Return at 5.

Although Respondents contend that their efforts to identify an alternate country for removal remain ongoing, they have not even identified a third country to which to remove Petitioner. *See Grishchenko v. Noem*, No. 25-CV-3514-JES-JLB, 2025 WL 3675070, at *2 (S.D. Cal. Dec. 17, 2025) ("Respondents do not identify any potential countries which might accept Petitioner's third country removal, or any factors related to Petitioner or people like him which might make a future removal attempt successful when others have failed."). The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal. Accordingly, the Court **GRANTS IN PART** the Petition.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody.[2] The Court also **DENIES AS MOOT** Petitioner's Motion for

---

[2] Also, because there is no significant likelihood Petitioner will be removed to a third country in the reasonably foreseeable future, the Court declines to address Petitioner's request for an injunction. Pet. at 14. The Court notes, however, that any kind of third country removal like the one Petitioner fears would likely "'present due process issues.'" *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *8 (S.D. Cal. Dec. 10, 2025) (quoting *Esmail v. Noem*, No. 25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6-7 (C.D. Cal. Sept. 26, 2025)).

26cv487-LL-DEB

Temporary Restraining Order (ECF No. 2). As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  February 9, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv487-LL-DEB